NORTHCUTT, Judge.
Ronald Daly challenges the summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We affirm.
In his motion Daly disputed the inclusion of fourteen points for a prior offense on his sentencing scoresheet. He claimed that the offense occurred more than ten years before the commission of the offense giving rise to his current sentence. Convictions for offenses committed more than ten years before the commission of the primary offense must not be scored as prior record if the offender has not been convicted of any other crime for a period of at least ten consecutive years from the most recent date of release. Fla. R.Crim. P. 3.704(d)(14)(A). The circuit court denied Daly’s motion because his allegations were not apparent from the face of the record. Citing this court’s decision in Drayton v. State, 786 So.2d 1196 (Fla. 2d DCA 2001), the circuit court found that Daly’s challenge would best be presented via a motion pursuant to Florida Rule of Criminal Procedure 3.850.
The “prior record” portion of Daly’s scoresheet lists four misdemeanors, as well as the second-degree felony of which he complains. Since the denial of his motion, he has supplemented the record with a copy of the original sentence from his 1983 felony conviction. At present, it is not apparent either from the face of the score-sheet or anywhere else in the record when the misdemeanors were committed.
Pursuant to this court’s decision in Drayton, we affirm without prejudice to any right Daly has to raise this issue by filing a sworn motion pursuant to rule 3.850 within thirty days of the date of our mandate in this appeal, which motion shall not be deemed successive. Any such motion must set forth the complete factual basis for deleting the points for his prior convictions from his sentencing guidelines scoresheet. We note that Daly currently has a rule 3.850 motion pending in the circuit court. If the pending motion is unresolved at the time he files his motion for relief as contemplated in this opinion, the circuit court in its discretion may treat the new motion as an amendment to the pending one.
Affirmed without prejudice to Daly’s right to file a motion pursuant to rule 3.850.
WHATLEY and SALCINES, JJ„ concur.